### WILLIS RAWSON v. SARA MORRIS and Another.[1]

#### December 23, 1904.

#### Nos. 14,012—(89).

**Trust.**

In an equitable suit to establish a trust in real and personal property upon the claim that it was transferred by a third party to defendant for use of plaintiff, *held* that the finding of the court that no such trust relation was created is not against the weight of evidence, and that its refusal to find that it had been created must be sustained upon the principle that no expressed trust was established under section 4213, G. S. 1894; nor does the evidence require the conclusion that a fraud was committed in securing the title and possession of the property.

Appeal by plaintiff from an order of the district court for Rice county, Buckham, J., denying a motion for a new trial. Affirmed.

*G. D. Emery,* for appellant.

*William W. Pye,* for respondent.

LOVELY, J.

This is an equitable suit to have an asserted interest by plaintiff declared and enforced against two lots in the city of Northfield, the legal title to which is in defendant. An accounting was also asked of property and moneys received by defendant, as well as a division of the property between the parties, upon the ground that such relief is required by virtue of the condition of trust relations under which it is held. It was tried to the court, who made findings of fact to the effect that the evidence was not sufficient to establish the claims of plaintiff that the

[1] Reported in 101 N. W. 970.

property was under a trust obligation in favor of plaintiff. Judgment was ordered for defendant. There was a motion to set aside the findings and for a new trial, which was denied. Plaintiff appeals.

It may be generally stated that the evidence shows that Eliza Rawson, who died in 1903, was the owner of a homestead consisting of two lots and buildings thereon in the city of Northfield, as well as some other real and personal property; that plaintiff and defendant Sara Morris, brother and sister, were her children; that some time previous to 1899 the mother executed a will, the contents of which appear only by admissions of defendant in a letter from her included in the findings. She also made several declarations indicating an intent to have her property divided at her death equally between her two children. There were judgments outstanding against the plaintiff, who lived in the state of North Dakota. Defendant, as it appears, for some years before the mother's death resided with her mother at Northfield. In 1899 the mother destroyed the previous will, and deeded her real property directly to the defendant. She also turned over personal property to her. The deeds were recorded. Defendant retained possession of the personal property after the death of her mother in 1903.

There was sufficient proof to show that previous to the time of the transfer of the property to defendant it had been the mother's intention to make an equal division between the parties, and in a letter included in the findings sent by defendant to plaintiff after the transfer an explanation is made of the reasons for this. This letter was intended to satisfy the plaintiff with the transfers, and contained assurances that the rights of plaintiff would be safe in the writer's hands. It admits also that the will provided for an equal division, and states that the reasons for its destruction were that judgments against plaintiff influenced such act. It may be also inferred from the evidence, as well as the letter referred to, that the defendant was aware of the mother's previous purpose to make an equal property division. However, evidence for defendant tended to show that after the deed to her the mother stated that the property had been given to the daughter in consideration of the latter's attentions and kind treatment during the time she had lived with her.

There was no testimony to show that any written instrument had been executed at or previous to the time of the execution of the deeds de-

claring a trust in favor of the plaintiff, and it must be held that no express trust was impressed upon the property for the benefit of plaintiff which was necessary to meet the requirements in this respect of our statutes of fraud.   G. S. 1894, § 4213.   But it was insisted that the letter referred to, taken in connection with the previous intent and disposition of the mother to make an equal division, required the court to hold that the title to the property was obtained by defendant under conditions disclosing the fact that the mother had been wrongfully misled to believe that the transfer of the property to the daughter would protect the son from the judgments held against him, and that, subject to such protection, it would be held for an equal division between the parties; or, in other words, that the defendant held the property after the death of the mother as a trustee ex maleficio.   While there are grounds for suspicion of this kind, from a careful examination of the entire evidence we do not think more than an inference can be drawn that in obtaining the deed fraud had been perpetrated by the defendant upon the mother by inducing her to part with the property in the belief that it was to be held for the benefit of both children.   The court found, that there was no trust relation created at the time of the transfer, which conclusion is not so palpably against the weight of the evidence that we are justified in setting aside its findings that no trust had been created.

Order affirmed.